<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-1737**

---

SYED ASHAIR ALI,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: December 16, 2011     Decided: January 4, 2012

---

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

John E. Gallagher, Catonsville, Maryland, for Petitioner. Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Jennifer Paisner Williams, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Syed Ashair Ali, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Because Ali has forfeited review of the adverse credibility finding and the denial of relief under the CAT, we deny the petition for review.

Ali's applications for asylum and withholding from removal were denied because Ali was found to be not credible and because he failed to submit reasonably available corroborative evidence. In his opening brief, Ali fails to challenge the adverse credibility finding, focusing instead on the finding that he lacked sufficient corroborative evidence. Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004)

2

(failure to challenge the denial of relief under the CAT results in abandonment of that challenge).

Because Ali does not challenge the adverse credibility finding with citations to authorities or parts of the record, it is waived and will not be reviewed by this court. Similarly, the denial of relief under the CAT is also waived for the same reason. We have reviewed the independent evidence and conclude that the record does not compel a different result. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992) (This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.").

Because Ali has waived review of the adverse credibility finding and our review of the record does not compel us to reach a different result, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED